**Robert FILIURIN, Plaintiff,**

**v.**

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 61–774–C.**

United States District Court
D. Massachusetts.

Dec. 12, 1962.

Ely H. Chayet, Boston, Mass., Robert E. McCourt, Boston, Mass., for plaintiff.

W. Arthur Garrity, U. S. Atty., A. David Mazzone, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C.A. 2671 et seq.; the plaintiff is a resident of Brookline, Massachusetts. I find that on October 20, 1960, plaintiff was lawfully operating his motor vehicle in a northerly direction on Route 128, in Newton, Massachusetts, and that at about 8:00 A.M., one Clyde A. Armstead, a soldier in the United States Army, acting within the scope of his employment, negligently operated a government-owned 2½ ton GMC truck and thereby caused it to skid and to strike the vehicle then owned and operated by plaintiff. I find that the impact, attributable to negligence on the part of the government employee, caused property damage and personal injury to plaintiff.

At the trial it was stipulated that the government conceded liability and that the parties had adjusted the property damage claim to their mutual satisfaction, leaving open for decision only the amount of compensation to be recovered by plaintiff by reason of his personal injuries and consequential damages flowing therefrom.

I find that as a result of the impact, glass in the windshield and side windows of plaintiff's vehicle was shattered, and that plaintiff suffered shock, multiple superficial lacerations, and multiple contusions. I find that he was examined at the Emergency Room of the Newton-Wellesley Hospital and discharged, with the Discharge Diagnosis: "superficial lacerations to left wrist." I find that he consulted his family physician on October 20, 22, 26 and 29; November 2, 11, and

826

29; and December 29, 1960; and that he has not had occasion to consult a physician subsequent to December 29, 1960.

Plaintiff was totally disabled for ten days as a result of this accident and was partially disabled for another two weeks. He testified, however, that during the period of partial disability he went to his business every day of this two-week period at least once a day and stayed about two hours or so on each of these visits. Plaintiff is Sales Manager of Filiurin Distributing Corporation, and is its principal shareholder.

I find that a reasonable sum to reimburse plaintiff for his pain and suffering, out-of-pocket medical expenses of $90.00, and impairment of his earning capacity for the period of his disability is Seven Hundred Dollars ($700.00).

Judgment for the plaintiff in the amount of $700.00, with costs.